**AFFIDAVIT OF SPECIAL AGENT CHRISTOPHER GULINO
IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Christopher Gulino, being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since 2017.

2.  I am submitting this affidavit in support of a criminal complaint charging Manolo MORALES Lopez (MORALES) with a violation of 18 U.S.C. § 111(a)(1), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties, and provides for increased penalties when such acts involve physical contact with the victim of that assault.

3.  The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained from other members of law enforcement who have personal knowledge of the facts described herein, and my review of records and other materials relating to this investigation. I have not included all facts known to me regarding this investigation but instead only facts sufficient to establish probable cause to believe that MORALES committed a violation of 18 U.S.C. § 111(a)(1).

4.  On the morning of September 12, 2025, members of an immigration enforcement task force, including two ATF Special Agents, an HSI Special Agent, and an Enforcement and Removal Operations Officer (together, the agents), were attempting to arrest a female for a violation of the immigration laws in Woburn, Massachusetts. The agents were wearing clothing identifying themselves as members of law enforcement.

5.     When the agents approached the female, she was sitting in the passenger seat of a Jeep SUV.  MORALES was sitting in the driver's seat.  The agents told the female that they were with immigration and that they had a warrant for her arrest.  MORALES requested to see the warrant.  After being shown the warrant, MORALES began saying that she was not going by herself and that the agents would have to take him as well.  The agents told the female multiple times that she was under arrest and directed her to step out of the vehicle.

6.     At some point during the encounter the agents opened the passenger side door to remove the female from the car.   MORALES leaned over toward the female and began holding onto her left arm, preventing agents from removing her.  The agents gave MORALES multiple warnings that he could be subject to arrest himself for interfering with the arrest of the female.  When MORALES did not cease his efforts to physically prevent the agents from arresting the female, agents decided to remove MORALES from the Jeep to prevent him from continuing to interfere with and impede the arrest.

7.     MORALES resisted the agents' efforts to remove him from the vehicle but they were able to pull him out.  Once outside, MORALES got down to retrieve his wallet, which had fallen next to the driver's seat.  When the agents pulled MORALES to his feet, MORALES swung his arm up and over the head of one of the ATF agents, grabbing the agent around the neck from behind.  The agent slipped under MORALES's arm in order to prevent being put in a choke hold or headlock.  Though the defendant continued to struggle and resist, agents succeeded in putting handcuffs on the defendant and taking him into custody.

8.     Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about September 12, 2025, MORALES did forcibly assault, resist, oppose, impede, intimidate, or interfere with persons designated under 18 U.S.C. § 1114, to wit: federal officers,

while said persons were engaged in and on account of the performance of official duties, including by committing acts that involved physical contact with a victim, in violation of 18 U.S.C. § 111(a)(1).

    I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

        _Christopher Gulino /by Paul G. Levenson_
        CHRISTOPHER GULINO
        Special Agent
        Department of Homeland Security

SWORN before me this 12th day of September, 2025.

_____
HON. PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE

3